GREGORY, Circuit Judge,
concurring:
I concur in the judgment, but write separately to emphasize that, in my view, the enhancement properly applies based on the only reason clearly provided by the district court: that Williams placed a number of human lives at a substantial risk of harm by bringing dangerous chemicals into a public motel room and storing them there. As the majority notes, these chemicals are hazardous if not stored properly, and yet, Williams chose to bring them into the motel room, placing them within reach of at least one other drug user, and exposing an untold number of other motel guests and employees to a substantial risk of harm.
The majority goes on to conclude that the enhancement is also supported because the presentence report stated that methamphetamine was manufactured in the motel room. That fact, however, was vigorously disputed by Williams, and immediately after hearing his objection, the district court appeared to agree with his contention that the motel room was merely a place where chemicals were stored. In explaining its reasons for applying the enhancement, the court referred to the motel room as “not [the] laboratory” but *389 “the place where chemicals were stored.” J.A. 43. Although the district court went on to adopt the presentence report, I would hesitate before assuming that every fact in a report is adopted by the district court, no matter how contradictory the court’s open court statements. Indeed, no one contends that the district court, after referring to the trailer as located “in a remote area,” J.A. 43, adopted the presen-tence report’s erroneous finding that it was located immediately behind Williams’s family’s house.
If this case hinged on whether or not methamphetamine was manufactured in the motel room, I would prefer to remand to allow the district court to clarify its factual findings. But because I agree with the majority that the enhancement would apply even assuming the district court did not find that methamphetamine was manufactured in the motel room, I concur.